808 F.2d 835
 123 L.R.R.M. (BNA) 3336, 107 Lab.Cas. P 10,094
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GRANCO, INC., d/b/a Thriftway Supermarket; Blantom
Corporation, d/b/a Thriftway Supermarket; Bland
A. Painter, Jr., d/b/a Thriftway
Supermarket, a single
employer, Respondent.
 No. 86-2531.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 11, 1986.
Decided Dec. 11, 1986.
 
 Before SPROUSE, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and MAXWELL, United States District Judge for the Northern District of West Virginia, sitting by designation.
 Fred Holroyd (Holroyd & Yost on brief) for respondent.
 Allen R. Ferguson, Jr. (Linda Dreeben; National Labor Relations Board; Rosemary M. Collyer, General Counsel; John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Associate General Counsel; Elliott Moore, Deputy Associate General Counsel on brief) for petitioner.
 PER CURIAM:
 
 
 1
 We grant enforcement of an order of the National Labor Relations Board.
 
 
 2
 In the spring and summer of 1980, the United Food and Commercial Workers Union Local 278 obtained authorization cards from thirty of the fifty-one people in the employer's supermarket in Roanoke, Virginia. Nevertheless, it lost an election held on November 20, 1980, by a vote of nineteen to twenty-five.
 
 
 3
 The Board found that the employer had committed pervasive unfair labor practices, including the unlawful discharge of two union supporters and threats of store closure, job loss, discharge, reduced wages and fringe benefits, and a refusal to bargain with the union. In its decision of October 16, 1985, the Board ordered remedies for the unfair labor practices it had found, and ordered the employer to bargain with the union.
 
 
 4
 The employer does not now seriously contest the unfair labor practice findings. It does contend that the bargaining order should not be enforced because of large employee turnover since the election in November 1980. At the time of the administrative hearing, the record indicates there had been a twelve percent turnover in the voting unit employees since the election. We have no doubt that during the long delay of the case before the Labor Board there were additional personnel changes, but the proportions of those changes are not disclosed by the record. The employer took no action to have the Labor Board make supplemental findings about personnel turnover since the election. Hence, we can look only to the record's disclosure that there had been a twelve percent personnel turnover between the date of the election and the date of the hearing.
 
 
 5
 Large personnel turnover may affect the enforceability or appropriateness of a bargaining order, but a turnover rate of twelve percent is much less than that necessary to call into question the appropriateness of the bargaining order. See e.g., NLRB v. Apple Tree Chevrolet, 671 F.2d 838, 842 (4th Cir.1982); Red Oaks Nursing Home v. NLRB, 633 F.2d 503, 510 (7th Cir.1980).
 
 
 6
 ENFORCEMENT GRANTED.